**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GILBERTO RIVERA-GONZALEZ, | : | MOTION TO VACATE |
| BOP ID 66054-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-3539-AT-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:14-CR-240-2-AT-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Gilberto Rivera-Gonzalez's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* [129]. Because Mr. Rivera-Gonzalez is proceeding *pro se*, the undersigned has liberally construed his filings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Rivera-Gonzalez seeks a four-level sentence reduction "pursuant to New Amendment 794 to USSG § 3B1.1." [129] at 4 & 13. This is not a claim appropriately brought pursuant to § 2255.

Simply put: "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 2836 (2015). Consequently, this Court lacks the authority to review a claim

brought in a § 2255 motion "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "A misapplication of advisory sentencing guidelines" falls short of this standard because it "does not violate an 'ancient' right, nor does it raise constitutional concerns." *Spencer*, 773 F.3d at 1140. Rather, "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review [only] when [s]he can prove that [s]he is either actually innocent of [her] crime or that a prior conviction used to enhance [her] sentence has been vacated." *Id.* at 1139. Because Mr. Rivera-Gonzalez alleges neither of these things, his sentencing claim cannot be brought under § 2255.

Mr. Rivera-Gonzalez should pursue the relief he has requested under 18 U.S.C. § 3582(c)(2). It is noteworthy that Mr. Rivera-Gonzalez's brother, Carlos Rivera-Gonzalez ("Carlos"), has already filed such a sentence reduction motion in this Court. *See* [125]. Although Carlos requests only a two-level reduction in his sentence, *see* [129] at 5, he otherwise raises the same sentencing issues as Mr. Rivera-Gonzalez, and the brothers' requests can best be handled together by the sentencing judge.

For the foregoing reasons, the undersigned **RECOMMENDS** that this Court (A) **CONSTRUE** Mr. Rivera-Gonzalez's § 2255 motion as one seeking a sentence reduction pursuant to § 3582(c)(2)[1] and (B) **ADMINISTRATIVELY CLOSE** Civil Action No. 1:16-CV-3539-AT-CMS in which Mr. Rivera-Gonzalez's mislabeled § 2255 motion has also been filed.

If Mr. Rivera-Gonzalez's mislabeled § 2255 motion is reconstrued by the Court and treated as a sentence reduction motion pursuant to § 3582(c)(2), it is unnecessary to address whether a Certificate of Appealability should be granted or denied.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of September, 2016.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned expresses no view on how the Court should treat this pure sentencing issue.

3