FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 14 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:14-cr-0240-AT-2 |
| GILBERTO RIVERA-GONZALEZ, | : |
| Defendant. | : |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation as to Defendant Gilberto Rivera-Gonzalez's pro se motion to correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 130]. The Magistrate Judge recommends that this Court construe the motion as one seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) because the relief Defendant seeks is a four-level sentence reduction pursuant to Amendment 794 of the U.S. Sentencing Guidelines. Defendant has filed a response to the Report and Recommendation in which he states, "[u]nder 18 USC § 3582(c)(2), the Amendment has to be retroactive to be able to file under. Should this Court construe the pleading as such, then this Court will entitle Petitioner relief under said statute without any argument as to retroactivity" [Doc. 132 at 2]. He further states that he "has

shown good faith and good cause to proceed forward using any vehicle to obtain relief, whether under 28 USC § 2255(f)(3) as timely, or under 18 USC § 3582(c)(2)" [*Id.*]

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report & Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. "Under § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it 'was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the Magistrate Judge noted, a misapplication of an advisory sentencing guideline does not meet this high standard. After review, the Court finds that the Report & Recommendation is correct. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and construes Defendant's motion as one seeking relief under 18 USC § 3582(c)(2).[1]

---

[1] The Clerk is **DIRECTED** to close civil action 1:16-cv-3539-AT-CMS, as Defendant's motion is no longer one seeking relief under 28 U.S.C. § 2255.

Having construed Defendant's motion as one for relief under § 3582(c)(2), the Court hereby addresses that motion. Defendant was sentenced on June 26, 2015, to 87 months of imprisonment on one count of conspiracy to possess with intent to distribute methamphetamine [Doc. 116]. Defendant now seeks a sentence reduction under Amendment 794. Amendment 794 became effective on November 1, 2015, and applies to U.S.S.G. § 3B1.2, which in turn addresses mitigating role reductions. Defendant argues that this amendment is retroactive [Doc. 129-1 at 2]. Defendant bases this argument on *U.S. v. Quntero-Leyva*, 823 F.3d 519 (9th Cir. 2016). However, this case holds that Amendment 794 may be applied retroactively only to direct appeals. Defendant did not appeal his sentence. Further, "Amendment 794 merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2 [sic]," *U.S. v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). As a clarifying amendment, it is retroactive only on direct appeal or under a §2255 motion. *U.S. v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003). [2] Finally, "only amendments, *clarifying or not,* listed under subsection (c) of U.S.S.G. § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)" *Id.* at 909. Amendment 794 is not listed in subsection (c) of § 1B1.10 as one of the covered

---

[2] The Defendant properly argues that the Ninth Circuit left retroactivity issues open. However, this Court is required to follow binding Eleventh Circuit authority.

amendments. Accordingly, for the reasons set out above, Amendment 794 cannot be applied to Defendant's case and his motion for a reduction of sentence is therefore **DENIED** [Doc. 129].

It is so **ORDERED** this 13th day of December, 2016.

*Amy Totenberg*
United States District Judge